UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVE A. CARTER,

       Plaintiff,                                      Case No. 12-14529

v.                                                    Paul D. Borman
                                                       United States District Judge

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

OPINION AND ORDER:
(1) DENYING PLAINTIFF'S OBJECTION (Dkt. No. 14);
(2) ADOPTING THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION (Dkt. No. 13);
(3) DENYING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT (Dkt. No. 10); AND
(4) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Dkt. No. 12)

This matter is before the Court on Plaintiff's Objections to Magistrate Judge Charles Binder's August 8, 2013 Report and Recommendation. (Dkt. No. 14, Objections). Defendant Commissioner filed a reply. (Dkt. No. 15). Having conducted a *de novo* review of the parts of the Magistrate Judge's Report and Recommendation to which objections have been filed pursuant to 28 U.S.C. § 636(b)(1), the Court denies Plaintiff's Objection, adopts the Magistrate Judge's Report and Recommendation, denies Plaintiff's Motion for Summary Judgment, grants the Defendant Commissioner's Motion for Summary.

**I. BACKGROUND**

**A.**      **Procedural Background**

The Administrative Law Judge's ("ALJ") findings and the pertinent portions of the Administrative Record are accurately and adequately set forth in the Magistrate Judge's Report

and Recommendation and the Court adopts them here.  (Dkt. No. 13, Report and Recommendation at 1-10).  Briefly, the Plaintiff applied for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on April 7, 2010, alleging a disability on-set date of March 20, 2010.  (Tr. 134-37, 145-48).  Plaintiff's application was denied and Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").  The hearing was held on June 27, 2011 before ALJ Michael Wilkenun, Plaintiff was represented by counsel, and a Vocational Expert ("VE") testified at the hearing.  (Tr. 9, 22-45, 99-100).

On August 17, 2011, the ALJ issued a written decision denying Plaintiff's claims.  (Tr. 6-19).  Following the established five-step sequential evaluation process for determining whether an individual is disabled, the ALJ found Plaintiff had met the insured statute requirements of the Social Security Act at all relevant times.  (Tr. 11).  At step two of analysis, the ALJ found that Plaintiff suffered the severe impairments of discogenic and degenerative disorders of the spine (20 C.F.R. § 404.1520(c) and § 416.971 *et seq*.).  (*Id*.).  At step three of the analysis the ALJ determined that Plaintiff's impairments did not meet or medically equal one of the listings in the regulations.  (Tr. 11-12).  The ALJ then determined that Plaintiff had the Residual Functional Capacity ("RFC") to perform sedentary work and did not have the RFC to perform the requirements of his past relevant work.  (Tr. 12-15).  Ultimately, the ALJ found, based on testimony from the VE, that there are jobs that exist in significant numbers in the national economy that Plaintiff could perform and, therefore, Plaintiff is not disabled under the Act.  (Tr. 15-16).

Plaintiff appealed the ALJ's decision to the Appeals Council which denied Plaintiff's request for review of the ALJ's decision.  (Tr. 1-3).  The Appeals Council noted that it

considered the reasons Plaintiff disagreed with the ALJ's decision and also the additional evidence he listed on his appeal, but found "this information does not provide a basis for changing the Administrative Law Judge's decision."[1]  (Tr. 1-2).

Plaintiff filed the current action with this Court on October 15, 2012.  (Dkt. 1, Compl.).  The parties filed cross motions for summary judgment which were referred for decision to Magistrate Judge Binder.  (Dkt. Nos. 10 & 12).  On August 8, 2013, the Magistrate Judge issued a Report and Recommendation which recommended denying Plaintiff's motion for summary judgment and granting Defendant's motion.  (Dkt. No. 13).  The Magistrate Judge found that the ALJ utilized the proper legal standard in his application of the five-step disability analysis.  (R&R, at 11).  The Magistrate Judge further held that there was substantial evidence in the record to support (1) the ALJ's treatment of the medical opinion of Plaintiff's physician, Dr. Mahmood, (2) the ALJ's assessment of Plaintiff's credibility, and (3) the accuracy of the hypothetical posed to the VE.

## II. STANDARD OF REVIEW

Where a party has objected to portions of a Magistrate Judge's Report and Recommendation, the Court conducts a *de novo* review of those portions.  FED. R. CIV. P. 72(b); *Lyons v. Comm'r of Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004).  In reviewing the findings of the ALJ, the Court is limited to determining whether those findings are supported by substantial evidence and made pursuant to proper legal standards.  *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial

---

[1] This additional evidence appears to be Plaintiff's medical records dated October 25, 2011 through December 23, 2011 and August 11, 2012 through August 16, 2012 (medical care that postdates the ALJ's decision).  (Tr. 4-5).

evidence, shall be conclusive ... "); *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010) (quoting *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 604 (6th Cir. 2009)); *see also McGlothin v. Comm'r of Soc. Sec*., 299 F. App'x 516, 522 (6th Cir. 2008) (recognizing that substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (internal quotations omitted). "If the Commissioner's decision is supported by substantial evidence, we must defer to that decision, 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005)). "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers*, 486 F.3d at 247.

Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id*. (internal quotation marks and citation omitted). A non-specific objection, or one that merely reiterates arguments previously presented, does not adequately identify alleged errors on the part of the magistrate judge and results in a duplication of effort on the part of the district court: "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless." *Howard v. Sec'y of Health and Human*

*Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

## III. ANALYSIS

Before the Court is Plaintiff's Objection to the Magistrate Judge's Report and Recommendation. (Dkt. No. 15, Objection). Beyond objecting generally to the Magistrate Judge's conclusions, Plaintiff appears to specifically object to the Magistrate Judge's Report and Recommendation arguing that the Magistrate Judge erred when he found that the ALJ's credibility determination was supported by substantial evidence.

The Court recognizes that it is the in the province of the ALJ to make credibility assessments, not the Court. *Siterlet v. Sec'y of Health and Human Serv.*, 823 F.2d 918, 920 (6th Cir. 1987) ("A reviewing court may not try the case *de novo*, nor resolve conflicts in the evidence nor decide questions of credibility."); *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (holding "ALJ's credibility determinations about the claimant are to be given great weight, 'particularly since the ALJ is charged with observing the claimant's demeanor and credibility.'" (citation omitted); *see also Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012) (harmless error analysis applies to credibility determinations)). Therefore, an ALJ's credibility determination will only be disturbed for a "compelling reason". *See Sims v. Comm'r of Soc. Sec.*, No. 09-5773, 2011 WL 180789, at *4 (6th Cir. Jan. 19, 2011) (citing *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001)). When reviewing a credibility determination a court is limited to evaluating whether an ALJ's explanations for discrediting the individual's testimony are reasonable and supported by substantial evidence in the record. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003).

Here, Plaintiff argues that the Magistrate Judge erred in finding the ALJ's credibility determination regarding Plaintiff's statements concerning the intensity, persistence and limiting effects of his pain was supported by substantial evidence in the record. The Sixth Circuit follows a two-step test to evaluate a plaintiff's statements regarding pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such severity that it can reasonably be expected to produce the alleged disabling pain.

*Duncan v. Sec'y of Health & Hum. Servs.*, 801 F.2d 847, 853 (6th Cir. 1986). This test is consistent with regulations which require that an ALJ must first consider whether an underlying medically determinable physical or mental impairment exists that could reasonably be expected to produce the individual's pain. Secondly, if the ALJ determines that such an impairment exists, the ALJ must then evaluate the intensity, persistence, and limiting effects of the individual's symptoms to determine the extent to which the symptoms limit the individual's ability to do basic work activities. 20 C.F.R. §§ 404.1529; 416.929(a); *see also* Social Security Ruling, SSR 96-7p, 1996 WL 374186 (July 2, 1996).

In addition to objective medical evidence, the ALJ must also consider other factors when assessing the credibility of an individual's statements regarding their symptoms. These factors include: (1) the individual's daily activities; (2) the location, duration, frequency and intensity of individual's pain; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain; (6) any measures used to relieve pain; and (7) any functional limitations or restrictions due to pain. *Id.*; *see also*

20 C.F.R. § 404.1529(c) (listing factors); *Felisky v. Bowen*, 35 F.3d 1027, 1039-40 (6th Cir. 1994) (applying these factors).

In the present case, the ALJ found that the "claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent" with the ALJ's RFC assessment. (Tr. 13). The ALJ went on to explain that he found the Plaintiff's statements were not credible because he failed to seek treatment or therapy for nine years which was inconsistent with his allegations of debilitating pain. (*Id.*).

In addressing whether there was substantial evidence in the record to support the ALJ's credibility determination, the Magistrate Judge noted that Plaintiff's gait was within normal limits in 2011, Dr. Mahmood found that Plaintiff had "good rehabilitation potential"; and noted that Plaintiff's treatment of his condition with medication and one epidural steroid injection was inconsistent with finding disabling symptoms. (*See* Dkt. No. 13, at 14-15). Plaintiff objects to the Magistrate Judge's reasoning, arguing that the Magistrate Judge was swayed by Dr. Mahmood's treatment goals, that conservative treatment should not be the basis for rejecting his credibility and also that his testimony regarding his physical activities were consistent with his complaints of pain.

The Court finds Plaintiff's arguments are without merit. First, Plaintiff studiously ignores the fact the ALJ discounted his credibility at least in part because he failed to seek therapy or treatment for nine years. There is no question that an ALJ may consider what types of treatment (other than medication) a plaintiff received for relief from pain in evaluating

credibility. 20 C.F.R. 404.§ 1529(c)(3)(v). Indeed, the Sixth Circuit has recognized that "[i]n the ordinary course, when a claimant alleges pain so severe as to be disabling, there is a reasonable expectation that the claimant will seek examination or treatment. A failure to do so may cast doubt on a claimant's assertions of disabling pain." *Id.* (citing *Williams v. Bowen*, 790 F.2d 713, 715 (8th Cir. 1986) and *Kimbrough v. Sec'y of Health & Hum. Servs.*, 801 F.2d 794, 797 (6th Cir. 1986)). Therefore, the ALJ set forth a specific reason for rejecting the credibility of Plaintiff's statements regarding pain in accordance with SSR 96-7p.

Further, as the Magistrate Judge noted, Plaintiff's conservative treatment of his pain with prescription medication and one spinal steroid injection is inconsistent with his allegations of severe pain. *See Myatt v. Comm'r of Soc. Sec.*, 251 F. App'x 332, 334-35 (6th Cir. 2007). Plaintiff's arguments otherwise are unavailing. Plaintiff relies on *Stennett v. Comm'r of Soc. Sec.*, 476 F. Supp. 2d 665, 672 (E.D. Mich. 2007), wherein a district court found an ALJ's credibility assessment was not supported by substantial evidence when the ALJ discounted the plaintiff's credibility in part because the plaintiff's doctor recommended conservative treatment after two back surgeries and misconstrued the medical record. *Id*. at 672-73. However, the Court notes that *Stennett* is not binding authority on this Court, and it is not persuasive on this issue. In the instant case, unlike *Stennett*, the ALJ rejected Plaintiff's credibility (to the extent it contradicted the RFC) regarding his pain because Plaintiff failed to seek treatment or therapy for his back pain for nine years which was inconsistent with Plaintiff's complaints regarding the severity of his pain. This is factually distinguishable from *Stennett*, in which the ALJ misconstrued the medical record and discounted the plaintiff's testimony because he had not pursued more aggressive treatment after two back surgeries. Therefore, *Stennett* is factually

8

distinguishable and inapplicable.

Finally, to the extent Plaintiff argues that his limited activities of daily living "fail to discount his complaints of pain and limitations" the Court finds this argument is off the mark. The Magistrate Judge accurately noted that Plaintiff's own testimony regarding his ability to sit or stand for thirty minutes before needing to change positions, his ability to lift and carry ten pounds, and the fact that stretching or reaching exacerbated his pain were all reflected in the ALJ's RFC analysis.  (*See* Dkt. 13, at 15).  Further, Plaintiff fails pin point any particular activity or ability in his objection that was not "in harmony" with the objective medical evidence or the ALJ's RFC analysis.   Therefore, Plaintiff's argument is without merit.

In conclusion, where there is substantial evidence in the record to support the ALJ's credibility determination and the ALJ's determination must be given "great weight", the Court shall not disturb such a finding.  *Cruse*, 502 F.3d at 542.  Plaintiff's Objection is denied.

## IV. CONCLUSION

For all these reasons, the Court DENIES Plaintiff's Objection (Dkt. No. 14), ADOPTS the Report and Recommendation (Dkt. No. 13), DENIES Plaintiff's Motion for Summary (Dkt. No. 10), and GRANTS Defendant Commissioner's Motion for Summary Judgment (Dkt. No. 12).

SO ORDERED.

s/Paul D. Borman  
PAUL D. BORMAN  
UNITED STATES DISTRICT JUDGE

Dated:  July 10, 2014

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 10, 2014.

                                                      s/Deborah Tofil
                                                     Case Manager